IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Marcus Gainey, | ) | |
| Petitioner, | ) | C/A No. 9:18-cv-01645-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bonita Mosley, *Warden*, | ) | |
| Respondent. | ) | |

The Petitioner, Marcus Gainey, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief, challenging an administrative disciplinary action he received while incarcerated at the Federal Correctional Institution Edgefield. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. On July 3, 2018, the magistrate judge issued a Proper Form Order instructing Petitioner to bring his case into proper form by July 24, 2018. (ECF No. 6). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this case without prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure.[1] (ECF No. 10). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 4. However, Petitioner has still not brought the case into proper form, nor has he filed any objections to the Report.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a

---

[1] The magistrate judge specifically stated in the Report that if Petitioner brought the case into proper form before the time for objections had expired, the Clerk would vacate the Report and return the file to the magistrate judge for further pretrial handling. (ECF No. 10 at 2).

1

timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 10), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report, this case is **DISMISSED** *without prejudice* in accordance with Rule 41 of the Federal Rules of Civil Procedure.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 2, 2018